UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-CV-01013-VBF (PD)　　　Date: July 6, 2021
Title: *Brent Antonio Moore v. Sandra Gatt*

Present: The Honorable **Patricia Donahue, U.S. Magistrate Judge**

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner(s): | Attorneys Present for Respondents(s): |
|---|---|
| N/A | N/A |

**Proceedings:**　(In Chambers) Order to Show Cause Why Petitioner's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus Should Not be Dismissed

## I.　Introduction

On June 8, 2021, Petitioner Brent Antonio Moore, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("The Petition"). After failing a drug test while on supervised release in Case No. 17-CR-00156-JLS-1, Petitioner was remanded to Santa Ana Jail to serve his sentence. Petitioner's anticipated release date is September 24, 2021. [Dkt. No. 1 at 9.]

The Petition alleges that the prison and jail systems are harsher than contemplated at the original time of sentencing, and that a reduction in sentence is warranted to prevent disparity of sentences. [*Id*.] In seeking a reduction of sentence to time served, it raises three grounds: (1) two weeks of solitary quarantine confinement upon remand to jail facility, (2) 22 hours in prison cell on most days, and (3) a lack of medical care and treatment. [*Id*.]

**II. Discussion**

Habeas petitions brought by federal prisoners under 28 U.S.C. § 2241 are subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Corpus Rules"), Habeas Corpus Rule 1(b) (providing that district courts may apply the Habeas Corpus Rules to habeas petitions that are not brought under § 2254). Accordingly, a district court may summarily dismiss a § 2241 petition before the respondent files an answer, "[i]f it plainly appears from the face of the petition … that the petitioner is not entitled to relief." Habeas Corpus Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

**A. Failure to Exhaust Administrative Remedies**

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). However, exhaustion may be excused where administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Here, the Petition includes a section requiring information about earlier appeals, grievances or administrative remedies sought, which Petitioner has left blank. [*Id.*, ¶7.] Petitioner does not state why an administrative remedy would be inadequate, irreparable injury may occur

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: | 8:21-CV-01013-VBF (PD) | Date: | July 6, 2021 |
|---|---|---|---|
| Title: | *Brent Antonio Moore v. Sandra Gatt* | | |

without immediate judicial relief, or exhaustion otherwise would be futile. Instead, Petitioner states that his release date makes the exigency of his request "self-explanatory." [*Id.* at 9.] This is an insufficient explanation for why Petitioner did not seek an administrative remedies prior to filing the Petition.

### B. The Petition Challenges the Conditions of Petitioner's Confinement Rather Than its Legality or Duration

Federal law "opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas relief may be granted to a person in federal custody if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum to challenge the "legality or duration" of a prisoner's confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas petitions are "the exclusive vehicle" for claims that fall within "the core of habeas corpus"—that is, claims challenging "the fact or duration of the conviction or sentence."). By contrast, a civil rights action is the "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Here, Petitioner's claims are not cognizable in habeas review. The Petition does not specify which of Petitioner's constitutional rights have allegedly been violated. However, Petitioner's factual basis for requesting a shorter duration of confinement entirely rests upon the conditions of his confinement — a lack of medical care and alleged harsher than normal confinement conditions. [Dkt. No. 1 at 9.] Because relief can be fashioned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 8:21-CV-01013-VBF (PD) | Date: | July 6, 2021 |
| Title: | *Brent Antonio Moore v. Sandra Gatt* | | |

short of release, Petitioner's claims fall outside "the core of habeas corpus." *See Nettles,* 830 F.3d at 935 (holding success on claims that would not necessarily lead to earlier or immediate release from confinement are not at "the core of habeas corpus" and must be brought as a civil rights suit.). Thus, Petitioner's challenges to the conditions of his confinement must be brought in a civil rights action, if at all, rather than in a habeas petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Green v. Jenkins*, 2021 U.S. Dist. LEXIS 36664, at *15, *20 (C.D. Cal. 2021) (holding that conditions of confinement claim resulting from COVID-19 pandemic and which seeks immediate release was not cognizable on habeas review).

### III. ORDER

Accordingly, on or before **August 2, 2021,** Petitioner is ordered to show cause, in writing, (a) why this action should not be summarily dismissed for failure to exhaust administrative remedies and because it is not cognizable on habeas review; or (b) file a Notice of Voluntary Dismissal of the action. The Court Clerk is directed to provide Petitioner a copy of Form CV-09 – Notice of Dismissal for his convenience.

**Failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rules of Civil Procedure 41(b).**

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | im |