# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ANTONIO MOORE, <br><br> Petitioner, <br><br> v. <br><br> SANDRA GATT, Warden, <br><br> Respondent. | Case No. 8:21-cv-01013-VBF-PD <br><br> ORDER DISMISSING FOR FAILURE TO PROSECUTE |

**I.  Pertinent Procedural History and Petitioner's Claim**

On June 8, 2021, Petitioner Brent Antonio Moore, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  [Dkt. No. 1.]  At the time of filing, Petitioner was in federal custody serving a sentence for violating supervised release.  The Petition seeks a sentence reduction to time served based on jail housing conditions, and it identifies Petitioner's release date as September 24, 2021.

On July 6, 2021, the Court issued an Order to Show Cause why the Petition should not be dismissed (the "OSC").  [Dkt. No. 3.]  The OSC required Petitioner to explain why the Petitioner should not be summarily dismissed

for failure to exhaust administrative remedies and why it was cognizable on habeas review. The Court admonished Petitioner that failure to file a response by August 2, 2021, would result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

On July 21, 2021, the OSC was returned by the Santa Ana Jail because Petitioner was not in its custody. [Dkt. No. 4.] The Clerk of the Court was directed to mail the OSC to FCI-Victorville, where Petitioner was then located according to the Bureau of Prisons online database. [Dkt. No. 5.] On August 17, 2021, the OSC was returned by FCI-Victorville. [Dkt. No. 17.]

According to the Bureau of Prisons online database, Petitioner was released from federal custody on September 24, 2021. *See* https://www.bop.gov/inmateloc (Register No. 75754-112). As of the date of this Order, Petitioner has not advised the Court of a new mailing address, responded to the OSC, or otherwise communicated about his case.

Therefore, the case is subject to dismissal for Petitioner's failure to prosecute pursuant to Rule 41(b).

## II. DISCUSSION

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v.*

*City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – favor dismissal. Nearly four months have passed since the Petition was filed and Petitioner has not informed the Court of a suitable mailing address despite stating that his circumstances were exigent. His lack of action hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Respondent – does not counsel in favor of dismissal because the Petition has not been served and thus, the Respondent is unaware of the pending action. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Petitioner's inaction is an unreasonable delay, given that the Court has twice attempted to mail the OSC to Petitioner and has received no communication. In the absence of any explanation, non-frivolous or otherwise, for Petitioner's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by searching for Petitioner's current facility in order to mail the OSC to him. Nevertheless, Petitioner failed to contact the Court to avoid the issue and ultimately, did not comply with the Court's orders. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). It is, however, the movant's responsibility to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Petitioner has failed to participate in his own Petition, retention of this case would not increase the likelihood of the matter being resolved on its merits. In any event, Petitioner's release means that remedy sought from the Court can longer provide redress. Since no collateral consequences are alleged, the Petition is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 14 (1998) (no presumption of collateral consequences); *see also United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). This factor weighs in favor of dismissal.

In sum, all five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

**IT IS SO ORDERED.**

Dated: December 7, 2021                /s/ Valerie Baker Fairbank

_____
HON. VALERIE B. FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

_Patricia Donahue_
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

4